IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-20114-KHV |
| | ) |
| WEI LIU, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER FOR DEPOSITION OF MATERIAL WITNESSES**

The seven defendants in this case are charged with conspiracy to transport illegal aliens, harbor illegal aliens, or induce illegal aliens to reside in the United States.[1] On December 2, 2013, the court issued arrest warrants under 18 U.S.C. § 3144 for five individuals—all of whom were in the United States unlawfully—whose testimony the court found would be material at defendants' trial.[2] These material witnesses were arrested and, following a detention hearing, ordered detained pursuant to 18 U.S.C. § 3142(e) &(i).[3] This matter is now before the court on material witness Tomas Gallardo-Barrera's Motion for Deposition filed on December 11, 2013 **(ECF doc. 88)**; material witness Henry Concubierta's Motion for Deposition of Material Witness filed on December 12, 2013 **(ECF doc. 89)**; material witness Nehemias Galindo-DeJesus's Motion for Deposition of Material

---

[1] ECF doc. 91.

[2] ECF doc. 62.

[3] ECF doc. 79, 82, 83, 85, and 87.

Witness and to Join Co-Material Witness Motions filed on December 20, 2013 **(ECF doc. 92)**; the government's Motion for Deposition of Material Witnesses filed on January 7, 2014 **(ECF doc. 118)**; defendant Huiqing Liu's Response to Motion for Depositions filed on January 13, 2014 (ECF doc. 123); defendant Quan Liu's Motion for Joinder to Defendant Huiqing Liu's Response in Opposition to Motion for Depositions filed the same day **(ECF doc. 124)**; defendant Huiming Liu's Motion for Joinder filed the same day **(ECF doc. 125)**; defendant Xiang Liu's Motion for Joinder filed January 14, 2014 **(ECF doc. 128)**; defendant Jin Hui Liu's Motion for Joinder filed January 17, 2014 **(ECF doc. 129);** and defendant Huiqing Liu's Motion to Continue the Depositions of Material Witnesses filed January 20, 2014 **(ECF doc. 133)**. For the reasons discussed below, the court finds that the depositions should go forward, albeit at a later date.

The statute under which the witnesses were detained, 18 U.S.C. § 3144, specifically recognizes the possibility that the witnesses will be deposed and then released from custody:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.[4]

---

[4] 18 U.S.C. § 3144.

Fed. R. Crim. P. 15(a) governs the taking of witness depositions in criminal cases. It reads,

> (1) In General. A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. . . .
>
> (2) Detained Material Witness. A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript.[5]

The court has broad discretion to determine whether a witness deposition is appropriate under the particular circumstances presented.[6] In determining whether exceptional circumstances exist,[7] the court considers (1) whether the witness's testimony is material to the government's case; (2) whether taking the deposition would cause injustice to the defendant; and (3) whether the witness is unavailable to testify at trial.[8]

Applying the first factor, the court finds that the government has made a strong showing that the testimony of the witnesses will be material to their case against defendants.

---

[5] Fed. R. Crim. P. 15(a).

[6] *United States v. Edwards*, 69 F.3d 419, 437 (10th Cir. 1995).

[7] The "exceptional circumstances" standard of Rule 15 is only mentioned in sub-paragraph (1), applying to motions made by parties; it is not mentioned in sub-paragraph (2), applying to motions made by material witnesses. At least one court has ruled that "this heightened standard only applies to a motion made by a *party*." *United States v. Chen*, 214 F.R.D. 578, 580 n.2 (N.D. Cal. 2003) (emphasis in original). Because the court finds exceptional circumstances in this case, the court need not determine if a less stringent standard applies to the three motions filed by the material witnesses.

[8] *United States v. Daniels*, 194 F.R.D. 700, 702 (D. Kan. 2000).

The affidavit submitted to support the warrants issued for the witnesses' arrests demonstrated that the witnesses were employed, paid, and supervised by various defendants, and that each witness resided in living arrangements provided by defendants.[9] Defendants do not dispute that the witnesses could provide material testimony.

The second factor directs the court to consider whether the taking of the depositions would cause injustice to the defendants. Defendants make two arguments which could potentially fall under this factor. First, defendants object that they will have insufficient time to prepare for the depositions should the depositions occur on January 22 and 23, 2014, as currently scheduled. Defendants note that, while they have received more than 2,400 pages of written discovery, as well as additional electronic discovery, from the government, they will not be receiving "the remainder of the discovery [until] later this week," (i.e., the week of January 12, 2014).[10] Defendants now should have all the discovery in their possession. To ensure that defendants and defense counsel have sufficient time to prepare for the witness depositions—and particularly to ensure that defense counsel is adequately prepared to cross-examine the witnesses on behalf of defendants—the court will extend the time period in which the depositions may be taken. The January 23, 2014 deposition deadline is vacated. The new deadline for taking the depositions is **February 21, 2014.**

Defendants also argue that their Sixth Amendment right to confront witnesses against

---

[9]ECF doc. 61-1.

[10]ECF doc. 123 at 4.

them will be violated if the depositions go forward and the witnesses do not testify at trial. This concern can be addressed, however, by ensuring that the defendants are present at the depositions and permitted to cross-examine the witnesses.[11] Moreover, as discussed further below, the government will only be permitted to introduce the deposition testimony in place of the live testimony of a witness if it demonstrates at the time of trial that the witness is unavailable.

Under the third factor, the court finds that the five detained witnesses will likely be unavailable to testify at trial. The party moving for the deposition must make a showing, through affidavits or otherwise, of the probable unavailability of a prospective deponent.[12] The government has made a showing in this case that the detained witnesses were citizens of foreign countries (Mexico and the Philippines), unlawfully present in the United States, who upon return to their countries would be beyond the subpoena power of the court. The affidavit filed in support of the § 3144 arrest warrant demonstrated that each of the material witnesses are present in the United States unlawfully.[13] None has family lawfully residing

---

[11]*United States v. Matus-Zayas*, 655 F.3d 1092, 1101 n.6 (9th Cir. 2011); *United States v. Smith*, 213 F. App'x 774, 776 (11th Cir. 2006).

[12]*See United States v. Lopez-Cervantes*, 918 F.2d 111, 114 (10th Cir. 1990); *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993) ("Significantly, that showing need not be conclusive before a deposition can be taken. . . . It would be unreasonable and undesirable to require the government to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition.").

[13]ECF doc. 61-1 at 3–7.

in the United States, nor significant assets in this country.[14]  The Homeland Security Agent investigating this case swore that neither Mexico not the Philippines is subject to the subpoena power of the United States, and that "it would be complicated to bring them back through diplomatic, immigration channels."[15]  Thus, the court finds that the third factor weighs in favor of finding the existence of exceptional circumstances.

In making this last finding, however, the court wishes to make clear that it is not making a final determination that the witnesses are "unavailable" under Fed. R. of Evid. 804(a), such that the depositions are deemed admissible at defendants' trial.[16]  This is a separate analysis that will be made by the trial judge if the government seeks to introduce the depositions at trial.  The Tenth Circuit has ruled that the government has an obligation to use "reasonable means" to assure the appearance of a witness at trial, and that requirement applies equally to witnesses who are released from a § 3144 detention to the Immigration and Naturalization Service.[17]  The government would be wise to review the opinions in *Lopez-Cervantes* and *Eufracio-Torres* for discussions of steps it should take prior to the material witnesses' release to the immigration authorities in an attempt to assure the witnesses' future

---

[14]*Id.* at 7.

[15]*Id.* at 8.

[16]*See* Fed. R. Crim. P. 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility.  A party may use all or part of a deposition as provided by the Federal Rules of Evidence.").

[17]*Lopez-Cervantes*, 918 F.2d at 114 (quoting *United States v. Eufracio-Torres*, 890 F.2d 266, 270 (10th Cir. 1989)).

appearance at trial. Should a witness be available for trial, then the depositions ordered herein will likely not be used.

Considering all the factors in light of the particular circumstances presented in this case, the court finds that exceptional circumstances exist for allowing the depositions of the five detained material witnesses.

IT IS THEREFORE ORDERED that the motions for depositions by material witnesses Tomas Gallardo-Barrera (ECF doc. 88), Henry Concubierta (ECF doc. 89), and Nehemias Galindo-DeJesus (ECF doc. 92), and by the government (ECF doc. 118) are granted. The depositions shall be scheduled for no later than February 21, 2014. The cost of the depositions shall be borne by the government.

IT IS FURTHER ORDERED that defendant Huiqing Liu's motion to continue the depositions of the material witnesses (ECF doc. 133) is granted in part. That is, the depositions will be rescheduled on the specific terms set out in this order.

IT IS FURTHER ORDERED that material witness Tomas Gallardo-Barrera's oral request on January 3, 2014, for a deposition before January 22, 2014, is overruled because counsel for defendants were not available to conduct depositions before that date.

IT IS FURTHER ORDERED that the United States Marshals Service, as custodian of defendant Huiming Liu, must produce her at the depositions. The U.S. Attorney's Office shall notify the Marshals Service of the time and place of the depositions once they are scheduled.

IT IS FURTHER ORDERED that the motions of Quan Liu (ECF doc. 124), Huiming Liu (ECF doc. 125), Xiang Liu (ECF doc. 128), and Jin Hui Liu (ECF doc. 129) to join in the response of Huiqing Liu (ECF doc. 123) to the government's motion for depositions are granted.

IT IS FURTHER ORDERED that the motion of witness Tomas Gallardo-Barrera for witness fees (ECF doc. 112) remains under advisement. The court has reviewed this motion and the government's response (ECF doc. 132), but the movant has until January 23, 2013 to file a reply brief (see ECF doc. 115).

AND FINALLY, IT IS ORDERED that the January 24, 2014 status conference that was previously scheduled with regard to the subject motions (see ECF doc. 115) is canceled.

Dated January 21, 2014, at Kansas City, Kansas.

                       s/ James P. O'Hara
                       James P. O'Hara
                       U.S. Magistrate Judge