IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-20114-KHV |
| | ) | |
| WEI LIU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DESIGNATING CASE COMPLEX AND RECOGNIZING EXCLUDABLE TIME

The seven defendants in this case are charged with conspiracy to transport illegal aliens. Mindful that the Speedy Trial Act generally requires that a criminal trial commence within seventy days of a defendant's initial appearance on an indictment, 18 U.S.C. § 3161(h), defendant Huiqing Liu filed a motion seeking to extend certain deadlines and to designate excludable time under 18 U.S.C. § 3161(h)(7), due to the unusual and complex nature of the case (ECF doc. 126). Both the government and the other named defendants consented to the motion; there was no disagreement that this case should be designated as "complex" as that term is used in 18 U.S.C. § 3161(h)(7)(B)(ii). At a hearing held on January 21, 2014, the court concluded that the ends of justice served by designating excludable time outweighed the interest of the public and the defendants in a speedy trial (*see* ECF doc. 135). The court now sets forth its reasons for reaching that conclusion.

The court is mindful of the Tenth Circuit's admonition that the ends-of-justice

exception is meant to be a rarely used tool for cases demanding more flexible treatment.[1] The court concludes that the following factors justify a finding that this is an unusual and complex case:

    (1)    The indictment names a total of seven defendants and alleges a conspiracy that spans more than two years (ECF doc. 91).

    (2)    There is an unusually large volume of documentary evidence that defense counsel will need to review and discuss with the defendants, including a significant amount of financial documents. The government alleges that the defendants conspired to harbor illegal immigrants for commercial advantage. In addition, the government has alleged a substantial forfeiture resulting from the illegal conduct. As of January 14, 2014, the government had provided defendants more than 2,400 pages of written discovery, along with several hundred photographs and videos taken from its investigation. The parties expect the government to provide a substantial amount of additional discovery in the form of bank account information, physical evidence obtained from several search warrants, and additional electronic discovery from hard drives and computers seized in various raids.

    (3)    The government has requested that five, detained, material witnesses be deposed pursuant to Fed. Crim. R. 15 as a result of their immigration status in this country. The court has granted motions for depositions (ECF doc. 137).

---

[1] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

Because of these factors, the court finds this case is so unusual and so complex, due to the number of defendants, the extensive discovery from the relatively lengthy conspiracy, and the possible novel questions of law or fact that could arise, that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by 18 U.S.C. § 3161. Accordingly, under 18 U.S.C. § 3161(h)(7)(A) & (B)(ii), the court finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendants in a speedy trial.

Nothing in this order is intended or shall be construed as limiting the right of any defendant to later file a timely motion for severance of parties or counts under Fed. R. Crim P. 14(a), dismissal of duplicative counts, or for a separate trial. Further, nothing in this order is intended or shall be construed as amounting to a waiver by any defendant of the right to a speedy trial under the Sixth Amendment or the Speedy Trial Act.

IT IS SO ORDERED.

Dated February 26, 2014, at Kansas City, Kansas.

      s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge