IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
               Plaintiff, )
)
v. ) Case No. 13-20114-KHV
)
WEI LIU, et al., )
)
               Defendants. )

## ORDER

The defendants in this case are charged with conspiracy to transport illegal aliens, harbor illegal aliens, or induce illegal aliens to reside in the United States.[1] On December 2, 2013, the court issued arrest warrants under 18 U.S.C. § 3144 for five individuals whose testimony the court found would be material at defendants' trial.[2] These material witnesses were arrested and detained.[3] Material witness Tomas Gallardo-Barrera has filed a motion for the payment of witness fees under 28 U.S.C. § 1821(d)(4) **(ECF doc. 112)**.

Section 1821(d)(4) provides:

> When a witness is detained pursuant to section 3144 of title 18 for want of security for his appearance, he shall be entitled for each day of detention when not in attendance at court, in addition to his subsistence, to the daily attendance fee provided by subsection (b) of this section.

---

[1] ECF doc. 91.

[2] ECF doc. 62.

[3] ECF doc. 79, 82, 83, 85, and 87.

However, as noted by the government in its response to the motion, Congress set forth an express exception to the eligibility of fees for deportable aliens. 28 U.S.C. § 1821(e) states:

> An alien who . . . either has admitted belonging to a class of aliens who are deportable or has been determined pursuant to section 240 of [the Immigration and Nationality Act] (8 U.S.C. 12[29a]) to be deportable, shall be ineligible to receive the fees or allowances provided by this section.

The Supreme Court has noted that in adding sub-section (e) to the statute, "Congress expressly excepted another class of incarcerated witnesses—detained aliens—from eligibility for fees."[4]

Gallardo-Barrera asserts in reply that the exception in sub-section (e) does not apply because "[n]o one has deemed him deportable" and the government has not proved "that he has 'admitted' to belonging to a class of deportable aliens."[5] Gallardo-Barrera's argument does not pass muster.

On December 10, 2013, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a detention hearing upon Gallardo-Barrera's arrest.[6] The undersigned noted that information contained in the pretrial services report indicated that Gallardo-Barrera "is a

---

[4] *Demarest v. Manspeaker*, 498 U.S. 184, 188 (1991); *see also United States v. Cordova-Lopez*, No. 4:CR-07-302, 2007 WL 2907817, at *1 (M.D. Pa. Oct. 4, 2007) ("Section 1821(e) clearly applies to Mr. Cordova-Lopez, an alien that has already been determined deportable; he simply is not eligible for material witness fees."); *United States v. Alaniz-Tejada*, 150 F. Supp. 2d 1109, 1111 (D. Colo. 2001) ("I therefore find that the clear Congressional intent is that deportable aliens are ineligible for witness fees under any circumstances.").

[5] ECF. doc. 134 at 1.

[6] *See* ECF doc. 86.

citizen of Mexico, is an illegal alien and is subject to deportation."[7] The undersigned also noted that the pretrial services report indicated that Gallardo-Barrera "has an outstanding ICE [Immigration and Customs Enforcement] detainer."[8] No evidence to the contrary was presented at the hearing; nor did Gallardo-Barrera even dispute his deportability.[9] Because the evidence presented at the detention hearing indicates that Gallardo-Barrera either admitted to being deportable or was found deportable under the Immigration and Nationality Act, the undersigned finds that he is subject to the detained-alien exception in § 1821(e). Accordingly, he is not entitled to material witness fees under § 1821.

IT IS THEREFORE ORDERED that Gallardo-Barrera's motion for the payment of witness fees is denied.

Dated April 7, 2014, at Kansas City, Kansas.

                                               s/ James P. O'Hara
                                               James P. O'Hara
                                               U.S. Magistrate Judge

---

[7] ECF doc. 87 at 1.

[8] *Id.*

[9] The undersigned also notes that, following his deposition in this case, Gallardo-Barrera was released to ICE custody. *See* ECF doc. 173 at 2, ECF doc. 175.